# IN THE UNITED STATES BANKRUPTCY COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

IN RE:

Albert Allan Brynds, Jr. & Valerie Kay Fahrnow,

        Debtors.

Bankruptcy No. 22-40190-can13

Chapter 13

### RESPONSE IN OPPOSITION TO DEBTORS'
### OBJECTION (DOC. 89) TO SSA'S PROOF OF CLAIM (CLAIM NO. 18)

The United States of America, on behalf of its agency, the Social Security Administration ("SSA" or "the agency"), submits this Response to debtor Valerie K. Fahrnow's (the "debtor") Objection (Doc. 89) to SSA's Proof of Claim and respectfully requests that the Court allow SSA's claim as filed.

### Factual Background

1.      On February 23, 2022, the debtor filed a voluntary petition seeking relief under chapter 13 of the Bankruptcy Code (Doc. No. 1).

2.      On February 23, 2022, the Court issued a Notice of Chapter 13 Bankruptcy Case (Doc. No. 10). The Notice stated that the deadline to file a Proof of Claim for a governmental unit was August 22, 2022 (*Id.* at 2). The agency is a governmental unit, so its deadline to file a Proof of Claim was August 22, 2022.

3.      On August 15, 2022, SSA filed a Proof of Claim (Claim No. 18) in the amount of $13,218.00.

4.      Attached in support of its Proof of Claim was a Certificate of Indebtedness attesting to the existence of the debtor's debt to SSA. The Certificate of Indebtedness explains that the debtor, while receiving disability insurance benefits under Title II of the Social Security

Act, engaged in substantial gainful activity from May 2019 through October 2019, making her

ineligible for $13,515.00 in disability insurance benefits she received for these months

(Claim No. 18, Part 2). Prepetition recoveries reduced the debtor's overpayment debt to a

balance of $13,218.00 (*Id.*)

5. In her Objection, the debtor states that her overpayment debt to SSA should be

waived pursuant to 20 C.F.R. § 404.506 (Doc. No. 89 at 1).

6. On February 17, 2021, SSA mailed the debtor a notice informing her that she had

been overpaid disability insurance benefits (Ex. 1, Declaration of Angela Riffee at 1–2 (¶ 5)).

7. On March 9, 2021, SSA received the debtor's Request for Waiver of

Overpayment Recovery, asking the agency to waive the repayment of her overpayment debt

(Ex. 1, at 2 (¶ 6)).

8. On March 10, 2021, the agency mailed an updated Notice of Overpayment to the

debtor replacing its February 17, 2021 notice and correcting the overpayment balance

(Ex. 1 at 2–3 (¶ 9)).

9. The debtor filed a previous bankruptcy case under chapter 13 on March 31, 2021,

in the District of Kansas (Case No. 21-20342). This previous case was dismissed on

December 17, 2021, about two months before she filed her present chapter 13 case (Ex. 2,

Docket Sheet for Case No. 21-20342 (Bankr. D. Kan.)).

10. When waiver of recovery of an overpayment debt has been requested but SSA has

not yet made a decision on the waiver request, and it is subsequently discovered the debtor has

filed for bankruptcy, SSA's policy provides that further action depends on whether or not waiver

can be approved (Ex. 1 at 2 (¶ 7); *see also* Ex. 3, SSA Program Operations Manual System

(POMS) GN 02215.226). If SSA can approve the waiver based on the available evidence, agency

2

policy states that the agency should do so despite the bankruptcy (*Id.*). Conversely, if SSA cannot approve the waiver based on the available evidence, agency policy provides that the agency must delay processing the waiver request to avoid taking action that could violate the automatic stay (*Id.*).

11.     If a debtor's debt is not discharged in her bankruptcy case, the agency makes a decision on any pending waiver request that was held in abeyance after the bankruptcy case concludes (*Id.*).

12.     A favorable decision could not be made on the debtor's waiver request, and a decision has not been made on the debtor's waiver request during the pendency of her bankruptcies, in accordance with agency policy (Ex. 1 at 2 (¶ 8)).

13.     The debtor did not appeal the assessment of her overpayment by requesting reconsideration from SSA (Ex. 1 at 3 (¶ 10)). The deadline for requesting reconsideration elapsed 60 days after she received the March 10, 2021, Notice of Overpayment (*Id.* at 2–3 (¶ 9)). [1]

14.     The debtor's debt to SSA of $13,218.00 remains due (*Id.* at 3 (¶ 11)).

### Argument

The agency's Proof of Claim should be allowed as filed. Section 204 of the Social Security Act ("the Act") provides that whenever the Commissioner of Social Security ("Commissioner") finds that SSA paid more benefits than a beneficiary was entitled to receive, the agency shall recover that overpayment. *See* 42 U.S.C. § 404(a)(1). As established by the Certificate of Indebtedness attached to SSA's Proof of Claim, the debtor was overpaid disability

---

[1] The Notice of Overpayment states that the debtor's overpayment debt balance was $11,025.00, but the actual debt balance was $13,515.00 due to a refund of money previously used to recover part of her debt (Ex. 1 at 2-3 (¶ 9)). Pre-petition recoveries reduced the debt to its current balance of $13,218.00 (*Id.* at 3 (¶ 11).

insurance benefits due to her work while receiving disability benefits, and accordingly, owes a debt to SSA of $13,218.00. *See* Claim No. 18, Part 2. Rule 3001(f) of the Federal Rules of Bankruptcy Procedure provides that a properly executed proof of claim is "prima facie evidence of the validity and amount of the claim." Thus, the agency's Proof of Claim and its supporting Certificate of Indebtedness plainly establish SSA's right to be repaid the overpaid benefits.

SSA's claim is enforceable against the debtor and property of the debtor under applicable law. *Cf.* 11 U.S.C. § 502(b)(1). The debtor provides no evidence to dispute the validity of SSA's Proof of Claim. Instead, the debtor make the bare assertion, unsupported by any evidence, that repayment of her overpayment debt should be waived, citing to the agency's regulations at 20 C.F.R. § 404.506 ("When waiver may be applied and how to process the request"). *See* Objection at 1. "[A]n objecting party carries the burden of going forward with evidence contesting the validity or amount of the claim." *In re Hayes*, 2020 WL 2601955, at *2 (Bankr. W.D. Mo. May 21, 2020) (citing *In re Dove-Nation*, 318 B.R. 147, 152 (8th Cir. B.A.P. 2004); *In re Holm*, 931 F.2d 620, 623 (9th Cir. 1991)). As established by the agency's unrebutted Certificate of Indebtedness, SSA's right to recover this debt has not been waived and the debtor's overpayment debt to SSA remains due and owing. Claim No. 18, Part 2; *see also* Ex. 1 at 2–3 (¶¶ 8 (no approval of waiver request), 11 (overpayment debt still outstanding)). [2]

To the extent that the debtor contends that the Bankruptcy Court can adjudicate a request for waiver made in an objection to SSA's Proof of Claim, her argument must fail. In her Objection, the debtor argues that she is entitled to waiver of recovery of her overpayment debt,

---

[2] The debtor requested waiver in March 2021 and filed for bankruptcy shortly thereafter. *See* Ex. 1 at 2 (¶ 6); Ex. 2. The waiver request remains pending; pursuant to agency policy, SSA has delayed processing the waiver request to avoid taking action that could violate the automatic stay. *See* Ex. 1 at 2 (¶¶ 7-8)).

4

citing 20 C.F.R. § 404.506, which in turn implements the waiver-related provisions contained in section 204 of the Act. *See* Objection at 1. Section 204 of the Act states that the Commissioner will waive recovery of an overpayment debt if the Commissioner determines that the beneficiary was without fault in causing the overpayment and recovery would defeat the purpose of Title II of the Act or be against equity and good conscience. *See* 42 U.S.C. § 404(b)(1); *see also* 20 C.F.R. § 404.506(b) (providing that SSA will apply the procedures set out in the regulations in determining whether waiver of repayment of an overpayment is appropriate under section 204(b) of the Act). Whether or not to grant a waiver under these provisions is solely within the purview of the agency, pursuant to the Act. *See generally United States v. McClelland* (*In re McClelland*), No. AP 20-09010, 2021 WL 4520301, at *3–4 (Bankr. N.D. Iowa Oct. 1, 2021) (Collins, J.) (citing *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000)). As discussed above, SSA has not granted a waiver request, and the debtor's overpayment debt remains outstanding. *See* Ex. 1 at 2–3 (¶¶ 8, 11)).

This Court's jurisdiction is limited by 42 U.S.C. § 405(g). *McClelland*, 2021 WL 4520301, at *3–4. That subsection of the Act reads, as relevant:

> (g) Judicial Review
> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision . . . .

42 U.S.C. § 405(g); *see also* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or government agency except as herein provided."). Thus, to obtain judicial review regarding a request for waiver, the debtor would first need to exhaust her administrative remedies and receive a "final

5

decision" by SSA. As discussed above, the debtor has not obtained even an initial decision on a waiver request, let alone a final decision.

Courts have addressed the applicability of 42 U.S.C. § 405(g)–(h) in bankruptcy cases and have determined that, absent administrative exhaustion, they were without jurisdiction to adjudicate a dispute as to the validity of a claim against the debtor. For example, in *Josephine C. Bello, M.D., PLC v. Azar* (*In re Josephine C. Bello, M.D., PLC*), the debtor was assessed an approximately $1 million overpayment by a Medicare contractor.[3] 596 B.R. 41, 44 (Bankr. E.D. Mich. 2018). The debtor in *Bello* thereafter engaged in several levels of administrative appeal, some of which were still pending, before filing for bankruptcy. *Id.* As part of the bankruptcy case, the debtor challenged CMS's enforcement actions in an adversary proceeding, and the United States sought dismissal for lack of jurisdiction. *Id.* The court engaged in a thorough analysis of the case law relating to 42 U.S.C. §§ 405(g)–(h) and joined the majority of courts in concluding that 42 U.S.C. § 405 deprived the bankruptcy court of jurisdiction to consider the challenge absent exhaustion of administrative remedies. *Bellow*, 596 B.R. at 47–48 ("Since [the debtor] has not exhausted its administrative remedies, this Court does not have jurisdiction.").

Former Chief Judge Frank W. Koger of this Court reached a consistent conclusion in an earlier case involving an overpayment of Medicare reimbursement funds to a debtor. *See In re Upsher Laboratories, Inc.*, 135 B.R. 117 (Bankr. W.D. Mo. 1991). After thoroughly analyzing 42 U.S.C. §§ 405(g)–(h), as well as the grant of bankruptcy jurisdiction contained in 11 U.S.C. § 1334, the Court found that section 1334 does not provide an independent jurisdictional basis to adjudicate a dispute regarding an overpayment debt. *Upsher*, 135 B.R. at 119. Indeed, Judge

---

[3] 42 U.S.C. § 405 applies by its terms to the Commissioner and SSA. Its provisions also extend to the Centers for Medicare and Medicaid Services ("CMS") in some contexts pursuant to 42 U.S.C. § 1395ii.

6

Koger concluded that the bankruptcy court "did not have jurisdiction over the merits of the dispute between [the debtor] and [the government agency] with regard to the alleged overpayment of Medicare reimbursements made to [the debtor]." *Id.* at 120. In making this finding, Judge Koger observed that 42 U.S.C. §§ 405(g)–(h) "include a very specific prohibition against the taking of jurisdiction under other code sections." *Id.* Nine years after Judge Koger's decision, the Supreme Court adopted similar reasoning in *Shalala v. Illinois Council on Long Term Care, Inc. See* 529 U.S. at 10.

The same logic applies in this case: the Court lacks jurisdiction to adjudicate matters reserved for administrative review pursuant to 42 U.S.C. § 405(g), such as a request for waiver of repayment of an overpayment debt. *See* 20 C.F.R. § 404.902(k) (determination of "[w]hether an overpayment must be repaid" is an "initial determination" subject to administrative review); 20 C.F.R. § 404.905 ("An initial determination is binding unless you request a reconsideration within the stated time period, or we revise the initial determination."). To allow otherwise would invade the province of SSA and the district courts, in contravention of 42 U.S.C. § 405(g). *McClelland*, 2021 WL 4520301, at *3–4; *See also United States v. Pipkin* (*In re Pipkin*), 495 B.R. 878, 881 (Bankr. W.D. Ark. 2013) ("The Bankruptcy Court has no jurisdiction to act as an appellate court from a decision of the SSA to grant or not grant a waiver of a social security disability overpayment.").

The debtor also did not challenge the existence of her overpayment debt by requesting reconsideration within the appropriate period, and, thus, she has forfeited her right to challenge the overpayment. *See* Ex. 1 at 3 (¶ 10); *see also* 20 C.F.R. § 404.905 ("An initial determination is binding unless you request a reconsideration within the stated time period, or we revise the initial determination."); 20 C.F.R. § 404.902(j) (initial determinations include "[a]ny overpayment or

7

underpayment of your benefits"). Accordingly, "SSA's initial overpayment determination became binding and not subject to judicial review." *Sipp v. Astrue*, 641 F.3d 975, 980 (8th Cir. 2011) (no judicial review when disability benefits recipient failed to request reconsideration of overpayment assessment within 60 days).

The debtor has not established that she properly exhausted administrative remedies on a request for waiver or a request for reconsideration, and her objection to SSA's claim is unsupported by any evidence. SSA has established its debt and filed a timely claim, and its claim should be allowed.

## Conclusion

SSA filed a properly executed Proof of Claim, and the debtor has the burden of presenting evidence to rebut its validity. *See Hayes*, 2020 WL 2601955, at *2 (citing *Dove-Nation*, 318 B.R. at 152; *Holm*, 931 F.2d at 623)). The debtor presents no evidence in support of her Objection to attempt to meet her burden. Instead, she merely asserts that she is entitled to waiver of repayment of her overpayment debt to SSA. However, even if the debtor presented any evidence to support her contention, this Court lacks jurisdiction to consider her claim, as discussed above. The agency filed a properly executed and timely Proof of Claim supported by its Certificate of Indebtedness. *See* Claim No. 18. SSA's claim is enforceable against the debtor under applicable law and should be allowed as filed.

Respectfully submitted,

Teresa A. Moore
United States Attorney

By

**/s/ Alan T. Simpson**
Alan T. Simpson, Mo. Bar. No. 65183
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East 9th Street, Room 5510
Kansas City, MO 64106
Telephone: (816) 426-3130
Facsimile: (816) 426-3165
Email: alan.simpson@usdoj.gov


OF COUNSEL

Lisa A. Thomas
Associate General Counsel
Office of Program Litigation, Office 4
Social Security Administration

By

Joshua R. Sumner, Mo. Bar. No. 65220
Attorney
Office of Program Litigation, Office 4
Social Security Administration

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

**CERTIFICATE OF SERVICE**

I certify that on September 20, 2022, a true and correct copy of the foregoing document was filed with the Court using the Court's CM/ECF system and was served upon each attorney of record via ECF notification, including counsel for the debtors and the Chapter 13 Trustee.

**/s/  Alan T. Simpson**
Alan T. Simpson
Assistant United States Attorney

9

**IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| ALBERT A. BRYNDS, JR., | ) | |
| | ) | |
| and | ) | Case No. 22-40190-can13 |
| | ) | |
| VALERIE K. FAHRNOW, | ) | |
| | ) | |
| Debtors. | ) | |

<u>**DECLARATION OF ANGELA RIFFEE**</u>

I, Angela Riffee, make the following declaration:

1.      In August 2000, I began working for the Social Security Administration ("SSA" or "the agency") as a Benefit Authorizer at the Mid-America Program Service Center ("MAMPSC") in Kansas City, Missouri.  In July 2010, I became an Operations Analyst in the Operations Analysis Section of the MAMPSC.  As an Operations Analyst, my duties include overpayment and debt analysis.

2.      As part of my job duties as an Operations Analyst, I regularly search for and retrieve agency records created by other agency employees in the ordinary course of agency business in receiving, processing, reviewing, paying, terminating, and reinstating applications for disability insurance benefits under Title II of the Social Security Act ("the Act").

3.      I am fully competent to make the statements contained in this Declaration, and I have personal knowledge of the facts stated herein.

4.      I reviewed the agency's records in preparing this Declaration.

5.      On February 17, 2021, the agency mailed to Valerie Kay Fahrnow ("Debtor") a notice informing her that she had been overpaid disability insurance benefits (Ex. A, Notice of

**Exhibit 1**

Change in Benefits, dated February 17, 2021).  In that notice, SSA informed Debtor that if she disagreed with the agency's overpayment assessment and wished to appeal, she must request reconsideration within 60 days of receipt of this notice (*Id.* at 2).

6.      On March 9, 2021, SSA received Debtor's Request for Waiver of Overpayment Recovery, asking the agency to waive the repayment of her overpayment debt (Ex. B, Request for Waiver of Overpayment Recovery, marked received March 9, 2021).

7.      When the agency receives a request for waiver of recovery of an overpayment debt, and the agency discovers that the debtor has filed for bankruptcy before it has made a decision on the debtor's waiver request, agency policy provides that further action depends on whether or not waiver can be approved.  If SSA can approve the waiver based on the available evidence, agency policy states that it should do so despite the bankruptcy.  However, if SSA cannot approve the waiver based on the available evidence, agency policy provides that the agency must delay processing the waiver request to avoid taking action that could violate the bankruptcy stay.  If a debtor's debt is not discharged in her bankruptcy case, the agency will then make a decision on any pending waiver request.

8.      After SSA received Debtor's waiver request, the agency learned that Debtor filed for bankruptcy, and it did not make a decision on Debtor's waiver request.

9.      On March 10, 2021, the agency mailed to Debtor a Notice of Overpayment (replacing its previous February 17, 2021 Notice) correcting Debtor's overpayment balance and again explaining Debtor's appeal rights (Ex. C, Notice of Overpayment, dated March 10, 2021). The Notice informed Debtor that she must request reconsideration within 60 days of receipt of the Notice (*Id.* at 1-2).  The Notice of Overpayment states that Debtor's overpayment debt

balance was $11,025.00, but the actual debt balance was $13,515.00, due to a refund of money previously used to recover part of her debt.

10.  A review of agency records reflects that Debtor did not appeal the assessment of her overpayment by requesting reconsideration from SSA.

11.  A review of agency records reflects that, after pre-petition recoveries, Debtor's overpayment debt to SSA of $13,218.00 remains outstanding.

12.  Exhibits A through C attached hereto are true and accurate copies of agency records, created and/or deposited into agency systems by agency employees at or near the dates described therein, in the ordinary course of agency business.  It is a regular part of the agency's business to generate and maintain records of the agency's transactions with regard to receiving, processing, reviewing, paying, terminating, and reinstating applications for benefits.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge.


Executed this 20th day of September, 2022.  **ANGELA RIFFEE**

Digitally signed by ANGELA RIFFEE
Date: 2022.09.20 09:44:23 -05'00'

Angela Riffee
Operations Analyst

M7

# Social Security Administration
## Retirement, Survivors, and Disability Insurance
Notice of Change in Benefits

PII

Office of Central
Operations
1500 Woodlawn Drive
Baltimore, Maryland 21241-1500
Date: February 17, 2021
BNC#: PII

VALERIE K FAHRNOW
PII

We are writing to give you new information about the disability
benefits which you receive on this Social Security record.  In
the rest of this letter, we will tell you:

- How we paid you $46,064.30 too much in benefits; and

- What to do if you think we are wrong about the overpayment.

**Your Benefits**

| What you were paid | | | | What you should have been paid | | | |
|---|---|---|---|---|---|---|---|
| $2,135.00 | 12/2014 | 03/2015 | | $2,052.00 | 05/2013 | 11/2013 | |
| $34,489.20 | 03/2015 | 03/2015 | PMA | $2,083.00 | 12/2013 | 12/2013 | |
| $2,030.00 | 04/2015 | 04/2015 | | $2,099.00 | 01/2014 | 11/2014 | |
| $104.90 | 04/2015 | 04/2015 | PMA | $2,135.00 | 12/2014 | 03/2015 | |
| $2,135.00 | 05/2015 | 06/2015 | | ($5,047.00) | 03/2015 | 03/2015 | SSI OFFSET |
| $1,820.00 | 07/2015 | 07/2015 | | $2,135.00 | 04/2015 | 04/2015 | |
| $2,030.00 | 08/2015 | 02/2016 | | ($104.90) | 05/2015 | 11/2015 | SMI |
| $2,030.00 | 03/2016 | 03/2016 | PMA | $2,134.90 | 05/2015 | 11/2016 | |
| $2,030.00 | 04/2016 | 10/2016 | | ($104.90) | 12/2015 | 11/2016 | SMI |
| $2,135.00 | 11/2016 | 11/2016 | | ($134.00) | 12/2016 | 11/2017 | SMI |
| $2,141.00 | 12/2016 | 12/2016 | PMA | $2,141.00 | 12/2016 | 11/2017 | |
| $1,768.10 | 01/2017 | 01/2017 | | $2,184.00 | 12/2017 | 11/2018 | |
| $238.90 | 01/2017 | 01/2017 | PMA | ($134.00) | 12/2017 | 11/2018 | SMI |
| $2,007.00 | 02/2017 | 11/2017 | | $2,244.50 | 12/2018 | 12/2018 | |
| $2,050.00 | 12/2017 | 11/2018 | | ($135.50) | 12/2018 | 11/2019 | SMI |
| $2,109.00 | 12/2018 | 09/2019 | | $2,252.50 | 01/2019 | 04/2019 | |
| $2,144.00 | 12/2019 | 09/2020 | | | | | |
| $207.00 | 09/2020 | 09/2020 | PMA | | | | |
| $2,167.00 | 10/2020 | 11/2020 | | | | | |
| $2,203.00 | 12/2020 | 12/2020 | | | | | |

**How To Pay Us Back**

You should refund this overpayment of $46,064.30 within 30
days.  Please make your check or money order payable to "Social
Security Administration," and send it to us in the enclosed
envelope.

**Exhibit A**

SEE NEXT PAGE

PII ███████████                                                                    Page 2

Always include your Social Security claim number on your check
or money order.

If you cannot refund the full $46,064.30 now, please send:

- A partial payment

- An explanation of why you cannot pay the full amount now,
  and

- A plan to repay the money.

## Do You Think We Are Wrong About The Overpayment?

SPECIAL MESSAGE FOR OVERPAYMENTS BETWEEN MARCH AND SEPTEMBER
2020: We temporarily suspended processing and collection of
some overpayments between March and September 2020.  We did
this because of the national public health emergency caused by
the coronavirus (COVID-19) pandemic.  If you were overpaid
between March and September 2020, you may request a waiver, and
we may find that you do not have to repay some or all of the
overpayment.  Please contact your local Social Security office
by phone to request a waiver.  You can find the telephone
number for your local office below in this letter.

You have certain rights with respect to this overpayment and
its recovery.

1. Right to Appeal:  If you disagree in any way with
   this overpayment determination, you have the right,
   within 60 days of the date you receive this notice,
   to request that the determination be reconsidered. If
   you request this independent review of the overpayment
   determination, please submit any additional information
   you have which pertains to the overpayment.

2. Right to Request Waiver:  You also have the right to
   request a determination concerning the need to recover
   the overpayment. An overpayment must be refunded or
   withheld from benefits unless both of the following
   are true:

   a. The overpayment was not your fault in any way, and

   b. You could not meet your necessary living expenses
      if we recovered the overpayment, or recovery would
      be unfair for some other reason.

If you request waiver, we may need a statement of your assets
and monthly income and expenses.

If you request reconsideration and/or waiver within 30 days,
the planned withholding of your benefit to recover the
overpayment will not take place until your case is reviewed.

SEE NEXT PAGE

PII   Page 3

This review is described in more detail on the attached form SSA-3105, Important Information About Your Appeal and Waiver Rights.  The people in any Social Security office will be glad to help you complete the forms for requesting reconsideration (SSA-561-U2, Request for Reconsideration) and/or waiver (SSA-632-BK, Overpayment Recovery Questionnaire).

Even if you do not want to request reconsideration or waiver, please call, write or visit any Social Security office if the planned withholding of your monthly payment would cause hardship.  Please take this letter with you if you do visit an office.  Unless we hear from you within 30 days, we will withhold your payment as shown above.

**Do You Think We Are Wrong?**

If you do not agree with this decision, you have the right to appeal.  We will review your case and look at any new facts you have.  A person who did not make the first decision will decide your case.  We will review the parts of the decision that you think are wrong and correct any mistakes.  We may also review the parts of our decision that you think are right.  We will make a decision that may or may not be in your favor.

- You have 60 days to ask for an appeal.

- The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

- You must have a good reason if you wait more than 60 days to ask for an appeal.

- You can file an appeal with any Social Security office. You must ask for an appeal in writing.  Please use our "Request for Reconsideration" form, SSA-561-U2.  You may go to our website at www.socialsecurity.gov/online/ to find the form.  You can also call, write, or visit us to request the form.  If you need help to fill out the form, we can help you by phone or in person.

**If You Want Help With Your Appeal**

You can have a friend, representative, or someone else help you.  There are groups that can help you find a representative or give you free legal services if you qualify.  There also are representatives who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know.  If you hire someone, we must approve the fee before he or she can collect it.  And if you hire a representative who is eligible for direct pay, we will withhold up to 25 percent of any past

SEE NEXT PAGE

due benefits to pay toward the fee.

**Suspect Social Security Fraud?**

Please visit http://oig.ssa.gov/r or call the Inspector
General's Fraud Hotline at 1-800-269-0271 (TTY 1-866-501-2101).

**If You Have Questions**

We invite you to visit our website at www.socialsecurity.gov on
the Internet to find general information about Social Security.
If you have any specific questions, you may call us toll-free
at 1-800-772-1213, or call your local Social Security office at
1-877-445-9978.  We can answer most questions over the phone.
If you are deaf or hard of hearing, you may call our TTY
number, 1-800-325-0778.  You can also write or visit any Social
Security office.  The office that serves your area is located
at:

                    SOCIAL SECURITY
                    15375 W 95TH ST
                    LENEXA,KS 66219


If you do call or visit an office, please have this letter with
you.  It will help us answer your questions.  Also, if you plan
to visit an office, you may call ahead to make an appointment.
This will help us serve you more quickly when you arrive at the
office.

If you need to write to the office that has your records, the
address is:

                    MID-AMERICA PROGRAM SERVICE CENTER
                    601 EAST TWELFTH STREET
                    KANSAS CITY, MISSOURI 64106-2817




Enclosure(s):
      Form SSA-3105
      Refund Envelope

Form **SSA-632-BK** (04-2019)
Discontinue Prior Editions
Social Security Administration

Page 1 of 14
OMB No. 0960-0037

# Request for Waiver of Overpayment Recovery

## When To Complete This Form

Complete this form if any of the following applies:

Received by SSA FO 779

MAR - 9 2021

Johnson County KS

- You think that you are not at fault for the overpayment and you cannot afford to pay the money back.

- You think that you are not at fault and you think the overpayment is unfair for some other reason.

We will use your answers to decide if you have to pay the money back. If we decide you do not have to pay the money back, we call it a waiver. If you also think we made a mistake when we decided that you were overpaid, or if you disagree with the amount of your overpayment, please also complete the **SSA-561**, Request for Reconsideration. We call this action an appeal.

## When Not To Complete This Form

- If you do not wish to request a waiver, but you think we made a mistake when we decided that you were overpaid, or if you disagree with the amount of your overpayment. Instead, please complete the **SSA-561**, Request for Reconsideration.
- You are requesting a hearing before an Administrative Law Judge. Instead, please complete the **HA-501-U5**, Request for Hearing by Administrative Law Judge.
- You **only** want to change the amount of money you must pay us back each month. Instead, please complete the **SSA-634**, Request for Change in Overpayment Recovery Rate.
- You have been convicted of fraud relating to this overpayment.

## SECTION 1 - IDENTIFYING QUESTIONS

**IMPORTANT:** Please answer the following questions as completely as you can and submit any supporting documents with your waiver request. If you need more space for answers, use the "REMARKS" section on page 11.

1. A. What is the name, Social Security Number, and claim number (if any) of the overpaid person?

   Name:  VALERIE FAHRNOW

   SSN: PII 9413                Claim Number: _____

   B. Are you the overpaid person?   ☒ Yes (go to 4)        ☐ No (go to 1.C)

   C. If you are filling out the waiver request for the overpaid person, what is your relationship to the overpaid person? (check all that apply)

   ☐ I am the overpaid person's parent.        ☐ I am the overpaid person's representative payee.
   ☐ I am the overpaid person's spouse.        ☐ I am the overpaid person's legal guardian.
   ☐ Other, please explain:

**Exhibit B**

(Options continue on next page)

Form **SSA-632-BK** (04-2019) UF                                                                 Page 2 of 14

| 1. | D. If you are not the overpaid person, what is your name or the name of the organization you represent?<br><br>Name: |
| --- | --- |
|  | E. If you are the overpaid person's representative payee, were you the representative payee when the overpayment occurred?   ☐ Yes   ☐ No |

## SECTION 2 - QUESTIONS FOR REPRESENTATIVE PAYEE

**IMPORTANT**: If you were the representative payee for the overpaid person when the overpayment occurred, complete Section 2 as it applies to you as the representative payee. Otherwise, go to Section 4.

| 2. | A. Was the overpaid person living with you when he or she was overpaid?  ☐ Yes   ☐ No |
| --- | --- |
|  | B. Does the overpaid person currently live with you?  ☐ Yes   ☐ No |
|  | C. Are you requesting a waiver for a minor child?  ☐ Yes   ☐ No |
|  | D. Did you tell us about the change or event that caused the overpayment?  ☐ Yes   ☐ No |
|  | E. Do you still have any of the overpaid money?<br>☐ Yes (go to 2.F)              ☐ No (go to 2.G) |
|  | F. How much of the overpaid money do you still have?   $ |
|  | G. Did you use the overpaid money for the beneficiary?  ☐ Yes      ☐ No (go to 2.H) |
|  | H. Explain how you used the overpaid money: |

## SECTION 3 - IF YOU ARE RESPONSIBLE FOR A FAMILY MEMBER'S OR ANOTHER INDIVIDUAL'S OVERPAYMENT

**IMPORTANT**: If we told you in the overpayment notice that you are responsible for a family member's overpayment, complete Section 3. Otherwise, go to Section 4.

| 3. | A. Did we tell you in the overpayment notice that you are responsible for paying back another individual's overpayment?  ☐ Yes (go to 3.B)            ☐ No (go to 4) |
| --- | --- |
|  | B. Was the overpaid person living with you when he or she was overpaid?  ☐ Yes   ☐ No |
|  | C. Did you receive any of the overpaid money?  ☐ Yes   ☐ No |

## SECTION 4 - INFORMATION ABOUT RECEIVING THE OVERPAYMENT

**IMPORTANT:** Please complete questions 4 through 26 as completely as you can. If you are answering the questions for someone else or if you are helping someone fill out the form, check the boxes and answer each question as it applies to the overpaid person.

| 4. | What was your situation when the overpayment occurred? (Check all that apply)<br>☐ I was a child when the overpayment occurred.<br>☐ I was an adult when the overpayment occurred.<br>☒ I was receiving disability benefits from Social Security.              (Options continue on next page) |
| --- | --- |

Form **SSA-632-BK** (04-2019) UF

4. 
- ☐ I was receiving retirement benefits from Social Security.
- ☐ I was receiving Social Security benefits from a parent's record.
- ☐ I was receiving Social Security benefits as a widow/widower.
- ☐ I was receiving Social Security benefits as a spouse.
- ☐ I was receiving Supplemental Security Income (SSI) payments.
- ☐ None of the above, please explain: _____

5. What is your reason for requesting a waiver? (Check all that apply)
- A. ☒ The overpayment was not my fault.
- B. ☒ I cannot afford to pay the money back.
- C. ☒ The overpayment is unfair for other reasons.
  Please explain: _Made During Ticket to Work Failed resumed disability_
- D. ☐ I thought I still had a disability that would make me eligible for benefits. I filed an appeal and I fully cooperated with Social Security.
- E. ☐ I was age 18 and receiving SSI when the overpayment occurred.
- F. ☐ None of the above, please explain: _____

6. Are you requesting a waiver for your entire overpayment amount? ☒ Yes ☐ No

7. Have you previously filed a waiver request for this overpayment? ☐ Yes ☒ No

8. Do you have the notice for this overpayment? ☒ Yes ☐ No (go to 11)

   If you have the notice for this overpayment, please provide the date on that notice. _02-2021_   _02/17/2021_
   (MM/DD/YYYY)

9. If you have the notice for this overpayment, please provide the following information:
   First month you were overpaid _12/2019_
   Last month you were overpaid _12/2020_
   If you were overpaid only one month, please provide the month _____

10. If you have the notice for this overpayment, please provide the amount of the overpayment. $ _46,064.30_

11. What was the cause of the overpayment?
(Check all that apply)
- A. ☐ I received too much income.
- B. ☐ My household received too much income.
- C. ☐ My resources were over the amount for SSI.
- D. ☐ I received help for food and shelter.
- E. ☐ I received more than one benefit payment for the same month.
- F. ☐ The Social Security Administration determined that I was no longer disabled.
- G. ☐ My marital status changed.
- H. ☐ I received workers' compensation.
- I. ☐ I was in a nursing home.
- J. ☐ I was in jail or prison. (Options continue on next page)

Form **SSA-632-BK** (04-2019) UF                                                           Page 4 of 14

**11.** | K. ☐ I lived outside the U.S. for 30 consecutive days.

L. ☐ My immigration status changed.

M. ☐ Another person became entitled on the same record.

N. ☐ My attorney fee was not withheld from my benefits.

O. ☐ I was no longer a student.

P. ☐ I no longer had a child under age 16 or a disabled child in my care.

Q. ☒ I was overpaid because: _Ticket to Work Failure_

R. ☐ I do not know why I was overpaid.

**12.** | A. Do you understand that you are supposed to report changes to us, for example:
- working
- marriage
- divorce
- moving
- a change in resources
- a change in income
- a change in school attendance
- any other changes that may affect your benefits

☒ Yes

☐ No, explain:

B. Is there anything that prevents you from reporting your changes to us?

☐ Yes, please explain:     ☒ No

C. Did you tell us about the change or event that led to the overpayment?

☐ Yes, please check one or more reasons below   ☒ No, please explain:

☐ I called in          _did not Know I was overpaid_

☐ I sent a fax or letter    _was attempting Ticket to Work_

☐ I visited a local field office   _which I Failed._ PII

☐ I used electronic wage reporting   PII

☐ Other, please explain:

Date(s) you told us about the change or event that led to the overpayment:

_NH_

Do you have any documentation indicating that you told us about the change or event that led to the overpayment?

☐ Yes, please send it with your waiver request

☒ No, please explain:
_did not Know I was overpaid_

D. Have you ever been overpaid before?

☐ Yes (go to 12.E)     ☒ No (go to 12.F)

Form **SSA-632-BK** (04-2019) UF

| 12. | E. If you were overpaid before, is this overpayment for the same reason? |
|---|---|

☐ Yes ☐ No ☐ I do not know

F. Are you currently receiving any of the following? (Check all that apply)

☒ I am receiving Supplemental Security Income (SSI) payments. PII

☐ I am receiving Temporary Assistance for Needy Families (TANF).

My claim number is: _____

☐ I am receiving a pension based on need from the Department of Veterans Affairs (VA)

My claim number is: _____

**IMPORTANT:** If you checked any boxes in question 12.F, go to page 13. Please sign, date, provide your address and phone number(s), and proof that you receive TANF or VA pension, if applicable. If this statement does not apply, go to question 13.A.

## SECTION 5 - YOUR FINANCIAL STATEMENT

## Documents to Support Your Statements

**IMPORTANT:** To complete Sections 5 through 8 of this form, you should refer to certain documents to support your statements. Please answer all questions and submit any supporting documents with your request. Your supporting documents should be no older than 3 months from the date you are requesting a waiver. Submit similar documents for your spouse and your dependents. A dependent is a person who depends on you for support and whom you can claim on your tax return.
Examples of supporting documents are:

- Current Rent or Mortgage Information
- 2 or 3 Recent Utility, Medical, Charge Card, and Insurance Bills
- Canceled Checks
- Recent Bank Statements (checking or savings account)
- Current Pay Stubs
- Your Most Recent Income Tax Return

Please write only whole dollar amounts. Round any cents to the nearest dollar.

| 13. | A. Did you still have any of the overpaid money at the time you received the overpayment notice? |
|---|---|

PII

B. Do you still have any of the overpaid money?

PII

(If yes, return the money to SSA following the instructions in the overpayment notice or contact SSA at 1-800-772-1213.)

| 14. | Did you receive any real estate after you received the overpayment notice? |
|---|---|

PII

Value: $ _____

| 15. | A. Did you give away any real estate after you received your overpayment notice? |
|---|---|

PII

Value: $ _____

B. Did you sell any real estate after you received your overpayment notice?

PII

Amount you received after selling: $ _____

Form **SSA-632-BK** (04-20197) UF                                                    Page 6 of 14

**16.** A. Did you give away any money after you received the overpayment notice?

☐ Yes (provide the amount)  Amount: $ _____    ☐ No

B. Did anyone give you money after you received your overpayment notice?

☐ Yes (provide the amount)  Amount: $ _____    ☐ No

## SECTION 6 - MEMBERS OF HOUSEHOLD

**17.** A. If you are an adult requesting a waiver, list your spouse and dependents below. A dependent is a person who depends on you for support and whom you can claim on your income tax return.

If you are completing the waiver request for a minor child, only provide the child's name in Section 6 and the child's information is Sections 7, 8, and 9. If the child's income and assets help with food and household expenses, complete Sections 6, 7, 8, and 9 with the parents' and their dependents' information.

| Name | Age | Relationship To You |
|------|-----|---------------------|
| PII | PII | PII |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

B. Does anyone live with you who you cannot claim on your income tax return?

PII

If yes, does this person or persons give you any money to live with you or pay any of the household bills or expenses?

PII

## SECTION 7 - ASSETS - THINGS YOU HAVE AND OWN

**18.** A. How much cash do you, your spouse, and your dependents have in your possession?  $ PII

B. List all financial accounts for you, your spouse, and your dependents. Examples of accounts you should list include Checking, Online (e.g., PayPal), Savings, Certificate of Deposit (CD), Individual Retirement Accounts (IRAs), Money or Mutual Funds, Stocks, Bonds, Trust Funds, Prepaid Debit Cards, or any other accounts.

| Type of Account | Name and Address of Institution | Name on Account | Balance or Value | Income Per Month (interest or dividends) | Account Number |
|-----------------|--------------------------------|-----------------|------------------|------------------------------------------|----------------|
| PII | PII |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  | TOTALS | PII |  |  |

Case 22-40190-can13   Doc 95-1   Filed 09/20/22   Entered 09/20/22 16:33:45   Desc
Exhibit 1 - Riffee Declaration with Exhibits   Page 14 of 26

Form **SSA-632-BK** (04-2019) UF

Page 7 of 14

19. A. Do you, your spouse, or your dependents own more than one family vehicle, including a car, sport utility vehicle (SUV), truck, van, camper, motorcycle, boat, or any other vehicle?

PII

| Owner | Year, Make/Model | Present Value | Loan Balance (if any) | Main Purpose for Use |
|---|---|---|---|---|
| PII | | | | |
| | | | | |
| TOTAL COUNTABLE VALUE $ | | | | |

B. Do you, your spouse, or your dependents own any real estate other than where you live?

PII

| Owner | Description | Market Value | Loan Balance (if any) | Income Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| TOTALS $ | | | | |

C. Do you, your spouse, or your dependents own or have an interest in any business, property, or valuables?

PII

| Owner | Description | Market Value | Loan Balance (if any) | Income Amount |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| TOTALS $ | | | | |

## SECTION 8 - MONTHLY HOUSEHOLD INCOME

The next set of questions are about monthly take home pay. Enter your, your spouse, and your dependents' take home pay and check the box to show whether payment is received weekly, every 2 weeks, twice a month, or monthly. Add the monthly amount on line 22.A. If you need more space for answers, use the "REMARKS" section on page 11.

20. A. Are you employed?   PII

| Employer(s) Name, Address, and Phone: (Write "self" if self-employed) | Take home pay or earnings if self-employed (Net) Choose one: | $ PII |
|---|---|---|
| PII | PII | |

B. Is your spouse employed?   PII

| Employer(s) Name, Address, and Phone: (Write "self" if self-employed) | Take home pay or earnings if self-employed (Net) Choose one: | $ PII |
|---|---|---|
| PII | PII | |

(Options continue on next page)

Form **SSA-632-BK** (04-2019) UF

**20.** C. Are any of your dependents employed, including self-employment? PII

Name(s) of dependents: PII

Provide total monthly take home pay for dependent(s):

$ _____

**21.** A. Do you, your spouse, or your dependents receive support or contributions from any person, agency, or organization? PII

B. Is the support received under a loan agreement? PII

C. How much money do you, your spouse, or your dependents receive each month?
(Show this amount on line I of question 22)

$ PII    **Source**

**22.**

| Income (Be sure to show **monthly** amounts below) | | Overpaid person's income | SSA Use Only | Spouse of Overpaid Person | SSA Use Only | Dependent(s) of Overpaid Person (Total) | SSA Use Only |
|---|---|---|---|---|---|---|---|
| A. Take Home Pay (Net) (from questions 20.A, 20.B, and 20.C) | | PII | | PII | | PII | |
| B. Social Security Benefits (retirement, disability, widows, students, etc.) | | | | | | | |
| C. Supplemental Security Income (SSI) | | | | | | | |
| D. Pension(s) (VA, Military, Civil Service, Railroad, etc.) | TYPE | | | | | | |
| | TYPE PII | | | | | | |
| E. Supplemental Nutrition Assistance Program (SNAP) Benefits | | | | | | | |
| F. Income from Real Estate, Business, etc. (from questions 19.B and 19.C) | | | | | | | |
| G. Room and/or Board Payments from a Person who is not a Dependent (from question 17.B). Put the amount in the overpaid person's column. | | | | | | | |
| H. Child Support/Alimony | | | | | | | |
| I. Other Support (from question 21.C) | | | | | | | |
| J. Income from Assets (from question 18.B) | | | | | | | |
| K. Other (from any source, explain in REMARKS on next page) | | | | | | | |
| TOTALS: | | | | | | | |

**Grand Total $** PII
(Add all TOTAL blocks above)

(Options continue on next page)

Form **SSA-632-BK** (04-2019) UF                                                                 Page 9 of 14

| 22. | REMARKS: |
|---|---|

PII

## SECTION 9 - MONTHLY HOUSEHOLD EXPENSES

**Do not** list an expense that is withheld from your paycheck (such as medical insurance, child support, alimony, wage garnishments, etc.) (Be sure to show **monthly** amounts in number 23) Please write only whole dollar amounts and round any cents to the nearest dollar.

| | Type of Expense | $ Per Month | SSA Use Only |
|---|---|---|---|
| 23. | A. Rent or Mortgage (if mortgage payment includes property or other local taxes, insurance, etc., **DO NOT** list it again below) | PII | |
| | B. Food (groceries, including food purchased with SNAP benefits, and food at restaurants, work, etc.) | | |
| | C. Utilities (gas, electric, telephone (cell or land line), internet, trash collection, water, and sewer) | | |
| | D. Other Heating/Cooking Fuel (oil, propane, coal, wood, etc.) | | |
| | E. Clothing | | |
| | F. Household Items (personal hygiene items, etc.) | | |
| | G. Property Tax (State and local) | | |
| | H. Insurance (life, health, fire, homeowner, renter, car, and any other casualty or liability policies) | | |
| | I. Medical/Dental (prescriptions and medical equipment, if not paid by insurance) | | |
| | J. Loan/Lease Payment for Family Vehicle | | |
| | K. Expenses (gas and repairs) for Family Vehicle | | |
| | L. Other Transportation (bus, taxi, etc., used for medical appointments, work, or other necessary travel) | | |
| | M. Tuition and School Expenses | | |
| | N. Court Ordered Payments Paid Directly to the Court | | |
| | O. Credit Card Payments (show minimum monthly payment). **DO NOT** include any expenses already listed above | | |
| | P. Any expenses not shown above | | |
| | (Options continue on next page)                **TOTAL** | | |

Form **SSA-632-BK** (04-2019) UF

23. EXPENSE REMARKS (Please provide any additional information not captured in Section 9)

PII

## SECTION 10 - INCOME AND EXPENSES COMPARISON

24. | | |
|---|---|
| A. Monthly Income<br>Write the amount here from the **Grand Total** from number 22. | $ |
| B. Monthly Expenses<br>Write the amount here from the **Total** from number 23. | $ |
| C. Add this amount to your expenses. | |
| D. Adjusted Monthly Expenses (Add B and C) | $ |
| E. **TOTAL** (Subtract D from A) | $ |

PII

25. If your expenses in 24.D are more than your income in 24.A, explain how you are paying your bills. If you are not paying your bills, explain which bills have unpaid balances.

PII

## SECTION 11 - FINANCIAL EXPECTATION AND FUNDS AVAILABILITY

26. A. Do you expect to receive an inheritance within the next 6 months?

PII

B. Please provide the total of you, your spouse, and your dependents' assets from questions, 18.A, 18.B, 19.A, 19.B, and 19.C.

**Total $:**  PII

(Options continue on next page)

Form **SSA-632-BK** (04-2019) UF                                          Page 11 of 14

26.  C. Is there any reason you cannot convert or sell the "Balance or Value" of any financial assets shown in items 18.B, 19.A, 19.B or 19.C to cash?

PII

**REMARKS SECTION -** If you are continuing an answer to a question, please write the number (and letter, if any) of the question first.

**IMPORTANT:** Please provide your documents to support the information you provided. Complete and sign the following statements.

Form **SSA-632-BK** (04-2019) UF                                                 Page 12 of 14

Below is an authorization for the Social Security Administration to obtain your financial account information. We may need to access your financial records in order to determine if we can waive your overpayment.

**IMPORTANT:** If the overpaid individual is a minor child, a parent or legal guardian must complete and sign the form on the child's behalf. If a court has assigned a legal guardian to an adult individual, the legal guardian must complete and sign the form. Adults who do not have a court appointed legal guardian must complete and sign the form, even if they have a representative payee.

## AUTHORIZATION FOR THE SOCIAL SECURITY ADMINISTRATION TO OBTAIN ACCOUNT RECORDS FROM A FINANCIAL INSTITUTION AND REQUEST FOR RECORDS

Please review the following, make selection, and sign below:

I understand:

- I have the right to revoke this authorization at any time before any records are disclosed;
- The Social Security Administration may request all records about me from any financial institution;
- Any information obtained will be kept confidential;
- I have the right to obtain a copy of the record which the financial institution keeps concerning the instances when it has disclosed records to a government authority unless the records were disclosed because of a court order;
- This authorization is not required as a condition of doing business with any financial institution.
- The Social Security Administration will request records to determine the ability to repay an overpayment in conjunction with a waiver determination;
- Failing to provide or revoking my authorization may result in the Social Security Administration determining, on that basis, that adjustment or recovery of the overpayment will not deprive me of funds to pay my bills for food, clothing, housing, medical care, or other necessary expenses;
- This authorization is in effect until the earliest of: 1) a final decision on whether adjustment or recovery of my overpayment would deprive me of funds to pay my bills for food, clothing, housing, medical care, or other necessary expenses; or 2) my revocation of this authorization in written notification to the Social Security Administration.

☒ I authorize any custodian of records at any financial institution to disclose to the Social Security Administration any records about my financial business or that of the person named above whom I legally represent or whose benefits I manage.

☐ I do not authorize any custodian of records at any financial institution to disclose to the Social Security Administration any records about my financial business or that of the person named above whom I legally represent or whose benefits I manage. I understand that if I do not give permission to obtain financial records or if I cancel my permission, SSA may not approve my waiver request.

| Customer's Signature/Authorization | Mailing Address | Date |
|---|---|---|
| *Valerie K Jahnson-Brijeda* | PII | 03·08·21 |
| Legal Representative's Signature/Authorization | Legal Representative's Mailing Address | Date |
| N/A | N/A | N/A |

Form **SSA-632-BK** (04-2019) UF                                                   Page 13 of 14

## PENALTY CLAUSE, CERTIFICATION, AND PRIVACY ACT STATEMENT

I declare under penalty of perjury that I have examined all the information on this form, and on any accompanying statements or forms, and it is true and correct to the best of my knowledge. I understand that anyone who knowingly gives a false statement about a material fact in this information, or causes someone else to do so, commits a crime and may be subject to a fine or imprisonment.

### SIGNATURE OF OVERPAID PERSON OR REPRESENTATIVE PAYEE

| Signature (First name, middle initial, last name) (Write in ink) | Date (MM/DD/YYYY) |
|---|---|
| *[signature]* | 03/08/2021 |

| Home Telephone Number (include area code) | Work Telephone Number If We May Call You At Work (include area code) |
|---|---|
| PII | N/A |

Mailing Address (Number and street, Apt. No., PO Box, or Rural Route

PII

| City | State | ZIP Code |
|---|---|---|
| PII | PII | PII |

**Witnesses are required ONLY if this statement has been signed by mark (X) above. If signed by mark (X), two witnesses to the signing who know the individual must sign below, giving their full addresses.**

| 1. Signature of Witness (Write in ink) | 2. Signature of Witness (Write in ink) |
|---|---|
|  |  |
| Address (Number and street, City, State, and ZIP Code) | Address (Number and street, City, State, and ZIP Code) |

Form **SSA-632-BK** (04-2019) UF                                      Page 14 of 14

---

### Privacy Act Statement
### Collection and Use of Personal Information

Sections 204, 1631, and 1879 of the Social Security Act, as amended, allow us to collect this information. Furnishing us this information is voluntary. However, failing to provide all or part of the information may prevent an accurate and timely decision on your overpayment waiver request.

We will use the information to make a waiver determination and to obtain your financial account information. We may also share your information for the following purposes: called routine uses:

- To student volunteers and other worker, who technically do not have the status of Federal employees, when they are performing work for Social Security Administration (SSA) as authorized by law, and they need access to personally identifiable information in SSA records in order to perform their assigned agency functions; and

- To third party contacts such as private collection agencies and credit reporting agencies under contract with SSA and other agencies, including the Veterans Administration, the Armed Forces, the Department of the Treasury, and State motor vehicle agencies, for the purposes of their assisting SSA in recovering program debt.

In addition, we may share this information in accordance with the Privacy Act and other Federal laws. For example, where authorized, we may use and disclose this information in computer matching programs, in which our records are compared with other records to establish or verify a person's eligibility for Federal benefit programs and for repayment of incorrect or delinquent debts under these programs.

A list of additional routine uses is available in our Privacy Act System of Records Notices (SORN) 60-0094, entitled Recovery of Overpayments, Accounting and Reporting/Debt Management System, as published in the Federal Register (FR) on August 23, 2005, at 70 FR 49354; 60-0231, entitled Financial Transactions of SSA Accounting and Finance Offices, as published in the FR on January 11, 2006, at 71 FR 1849; and 60-0320, entitled Electronic Disability Claims File, as published in the FR on July 25, 2006, at 71 FR 42159. Additional information, and a full listing of all of our SORNs, is available on our website at www.ssa.gov/ privacy.

**Paperwork Reduction Act Statement** - This information collection meets the clearance requirements of 44 U.S.C. §3507, as amended by Section 2 of the Paperwork Reduction Act of 1995. You do not need to answer these questions unless we display a valid Office of Management and Budget control number. We estimate that it will take about 120 minutes to read the instructions, gather the facts, and answer the questions. **SEND THE COMPLETED FORM TO YOUR LOCAL SOCIAL SECURITY OFFICE. You can find your local Social Security office through SSA's website at www.socialsecurity.gov. Offices are also listed under U.S. Government agencies in your telephone directory or you may call Social Security at 1-800-772-1213.** *You may send comments on our time estimate above to: SSA, 1338 Annex Building, Baltimore, MD 21235-0001.* **Send only comments relating to our time estimate to this address, not the completed form.**

# Social Security Administration
## Retirement, Survivors, and Disability Insurance
Notice of Overpayment

PII ▮

                                        Mid-America Program
                                        Service Center
                                        601 East Twelfth Street
                                        Kansas City, Missouri 64106-2817
                                        Date: March 10, 2021
                                        BNC#: PII ▮

VALERIE K FAHRNOW
PII ▮

This letter replaces our previous letter dated
February 17, 2021.

We are writing to give you new information about the disability
benefits which you receive on this Social Security record.  In
the rest of this letter, we will tell you:

- How we paid you $11,025.00 too much in benefits; and

- What to do if you think we are wrong about the overpayment.

**Your Benefits**

Based on the information we have, we should have stopped your
Social Security benefits beginning May 2019.

We can pay you beginning November 2019.

**Overpayment Information**

You received $11,025.00 too much in benefits because of your
work activity.

We paid you $13,515.00 for May 2019 through October 2019.
Since we should have paid you $0.00 for May 2019 through
October 2019, we paid you $13,515.00 more than you were due.

| You Received | | You Should Have Received |
|---|---|---|
| $ 2,252.50 | 05/2019 - 10/2019 | $      0.00 |
| $ 2,252.50 | 11/2019 - 11/2019 | $ 2,252.50 |
| $ 2,288.60 | 12/2019 - 12/2019 | $ 2,288.60 |
| $ 2,311.60 | 01/2020 - 11/2020 | $ 2,311.60 |

**Exhibit C**

SEE NEXT PAGE

PII ███████████                                           Page 2

```
$ 2,341.50  12/2020 - 12/2020  $ 2,341.50

$ 2,193.00  01/2021 - 01/2021  $ 2,341.50

$     0.00  02/2021 - 02/2021  $ 2,341.50
```

We used $2,490.00 of your benefits to recover part of an overpayment on this record.

The total amount of the overpayment is $11,025.00.

We will pay you a monthly check of $2,193.00 until we start to collect the overpayment.

## How To Pay Us Back

You should refund this overpayment of $11,025.00 within 30 days.  Please make your check or money order payable to "Social Security Administration," and send it to us in the enclosed envelope.

Always include your Social Security claim number on your check or money order.

If we do not receive your refund within 30 days, we will hold back your full benefit starting with the payment you would normally receive about June 3, 2021.  We will continue holding back your benefits until we recover the overpayment.

If you cannot refund the full overpayment now or cannot afford to have us hold back your full benefit, you may ask us to hold back a smaller amount each month.  Contact us to discuss your plan for repaying the balance.  You may need to show us proof of your assets, monthly income, and expenses.

## Do You Think We Are Wrong About The Overpayment?

SPECIAL MESSAGE FOR OVERPAYMENTS BETWEEN MARCH AND SEPTEMBER 2020: We temporarily suspended processing and collection of some overpayments between March and September 2020.  We did this because of the national public health emergency caused by the coronavirus (COVID-19) pandemic.  If you were overpaid between March and September 2020, you may request a waiver, and we may find that you do not have to repay some or all of the overpayment.  Please contact your local Social Security office by phone to request a waiver.  You can find the telephone number for your local office below in this letter.

You have certain rights with respect to this overpayment and its recovery.

1.  Right to Appeal:  If you disagree in any way with this overpayment determination, you have the right, within 60 days of the date you receive this notice,

SEE NEXT PAGE

to request that the determination be reconsidered. If you request this independent review of the overpayment determination, please submit any additional information you have which pertains to the overpayment.

2.  Right to Request Waiver:  You also have the right to request a determination concerning the need to recover the overpayment. An overpayment must be refunded or withheld from benefits unless both of the following are true:

    a.  The overpayment was not your fault in any way, and

    b.  You could not meet your necessary living expenses if we recovered the overpayment, or recovery would be unfair for some other reason.

If you request waiver, we may need a statement of your assets and monthly income and expenses.

If you request reconsideration and/or waiver within 30 days, the planned withholding of your benefit to recover the overpayment will not take place until your case is reviewed. This review is described in more detail on the attached form SSA-3105, Important Information About Your Appeal and Waiver Rights.  The people in any Social Security office will be glad to help you complete the forms for requesting reconsideration (SSA-561-U2, Request for Reconsideration) and/or waiver (SSA-632-BK, Overpayment Recovery Questionnaire).

Even if you do not want to request reconsideration or waiver, please call, write or visit any Social Security office if the planned withholding of your monthly payment would cause hardship.  Please take this letter with you if you do visit an office.  Unless we hear from you within 30 days, we will withhold your payment as shown above.

**Do You Think We Are Wrong?**

If you do not agree with this decision, you have the right to appeal.  We will review your case and look at any new facts you have.  A person who did not make the first decision will decide your case.  We will review the parts of the decision that you think are wrong and correct any mistakes.  We may also review the parts of our decision that you think are right.  We will make a decision that may or may not be in your favor.

-  You have 60 days to ask for an appeal.

-  The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

SEE NEXT PAGE

PII

Page 4

- You must have a good reason if you wait more than 60 days to ask for an appeal.

- You can file an appeal with any Social Security office. You must ask for an appeal in writing. Please use our "Request for Reconsideration" form, SSA-561-U2. You may go to our website at www.socialsecurity.gov/online/ to find the form. You can also call, write, or visit us to request the form. If you need help to fill out the form, we can help you by phone or in person.

## If You Want Help With Your Appeal

You can have a friend, representative, or someone else help you. There are groups that can help you find a representative or give you free legal services if you qualify. There also are representatives who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it. And if you hire a representative who is eligible for direct pay, we will withhold up to 25 percent of any past due benefits to pay toward the fee.

## Suspect Social Security Fraud?

Please visit http://oig.ssa.gov/r or call the Inspector General's Fraud Hotline at 1-800-269-0271 (TTY 1-866-501-2101).

## If You Have Questions

We invite you to visit our website at www.socialsecurity.gov on the Internet to find general information about Social Security. If you have any specific questions, you may call us toll-free at 1-800-772-1213, or call your local Social Security office at 1-877-445-9978. We can answer most questions over the phone. If you are deaf or hard of hearing, you may call our TTY number, 1-800-325-0778. You can also write or visit any Social Security office. The office that serves your area is located at:

       SOCIAL SECURITY
       15375 W 95TH ST
       LENEXA,KS 66219-1262


                SEE NEXT PAGE

If you do call or visit an office, please have this letter with
you.  It will help us answer your questions.  Also, if you plan
to visit an office, you may call ahead to make an appointment.
This will help us serve you more quickly when you arrive at the
office.


Enclosure(s):
        Refund Envelope
        Form SSA-3105

KSB CM/ECF Live Area!!
Case 22-40190-can13   Doc 95-2   Filed 09/20/22   Entered 09/20/22 16:33:45   Desc
Exhibit 2 - Fahrnow D. Kan. Docket Sheet   Page 1 of 9

Page 1 of 9

**Repeat, PRVDISCH, Repeat-ksb, PRVDISM, DISMISSED, CLOSED**

# U.S. Bankruptcy Court
## District of Kansas (Kansas City)
## Bankruptcy Petition #: 21-20342

|  |  |
|---|---|
| *Date filed:* | 03/31/2021 |
| *Date terminated:* | 03/01/2022 |
| *Debtor dismissed:* | 12/17/2021 |
| *Joint debtor dismissed:* | 12/17/2021 |
| *Plan confirmed:* | 08/19/2021 |
| *341 meeting initially set for:* | 05/19/2021 |
| *341 meeting (re)scheduled for:* | 05/19/2021 |

*Assigned to:* Judge Robert D. Berger
Chapter 13
Voluntary
Asset

*Debtor disposition:* Dismissed for failure to make plan payments
*Joint debtor disposition:* Dismissed for failure to make plan payments

| | |
|---|---|
| ***Debtor***<br>**Albert Allan Brynds, Jr.**<br>12519 Connell Dr.<br>Overland Park, KS 66213<br>JOHNSON-KS<br>SSN / ITIN: xxx-xx-0322 | represented by **Ryan A Blay**<br>WM Law<br>15095 W 116th St<br>Olathe, KS 66062<br>913-422-0909<br>Email: blay@wagonergroup.com<br><br>**Jeffrey L. Wagoner**<br>W M Law<br>15095 W. 116th Street<br>Olathe, KS 66062<br>913-422-0909<br>Fax : 913-428-8549<br>Email: bankruptcy@wagonergroup.com |
| ***Joint Debtor***<br>**Valerie Kay Fahrnow**<br>12519 Connell Dr.<br>Overland Park, KS 66213<br>JOHNSON-KS<br>SSN / ITIN: xxx-xx-9413 | represented by **Ryan A Blay**<br>(See above for address) |

***Trustee***
**William H Griffin**
5115 Roe Blvd Ste 200
Roeland Park, KS 66205-2393
913-677-1311

***U.S. Trustee***
**U.S. Trustee**

# Exhibit 2

Office of the United States Trustee
301 North Main Suite 1150
Wichita, KS 67202
(316) 269-6637

Email All Attorneys
CM/ECF addresses only. Editable in your email program.

| Filing Date | # | Docket Text |
|---|---|---|
| 03/31/2021 | 1 (67 pgs) | Chapter 13 Voluntary Petition Individual . Fee Amount $313 Filed by Albert Allan Brynds Jr., Valerie Kay Fahrnow Debtor Declaration Re: Electronic Filing due by 04/7/2021. (Blay, Ryan) (Entered: 03/31/2021) |
| 03/31/2021 | 2 (4 pgs) | Chapter 13 Plan Filed by Debtor Albert Allan Brynds Jr., Joint Debtor Valerie Kay Fahrnow. (Blay, Ryan) (Entered: 03/31/2021) |
| 03/31/2021 | 3 (1 pg) | Certificate of Credit Counseling Filed by Debtor Albert Allan Brynds Jr.. (Blay, Ryan) (Entered: 03/31/2021) |
| 03/31/2021 | 4 (1 pg) | Certificate of Credit Counseling Filed by Joint Debtor Valerie Kay Fahrnow. (Blay, Ryan) (Entered: 03/31/2021) |
| 03/31/2021 | 5 (6 pgs) | Employee Income Records Filed by Debtor Albert Allan Brynds Jr., Joint Debtor Valerie Kay Fahrnow. (Blay, Ryan) (Entered: 03/31/2021) |
| 03/31/2021 | 6 | Declaration Re: Electronic Filing Filed by Debtor Albert Allan Brynds Jr., Joint Debtor Valerie Kay Fahrnow (RE: related document(s)1 Voluntary Petition (Chapter 13,Credit Card)). (Blay, Ryan) (Entered: 03/31/2021) |
| 03/31/2021 | 7 | Meeting of Creditors & Notice of Appointment of Trustee Griffin, William H to be held on 5/19/2021 at 09:00 AM at Conf Call by Trustee Griffin. Confirmation Hearing to be Held on 6/11/2021 at 09:30 AM at Kansas City Courtroom 144. *Autogenerated* Objection to Section 523 Due: 7/19/2021. (Entered: 03/31/2021) |
| 03/31/2021 |  | Receipt of filing fee for Voluntary Petition (Chapter 13,Credit Card)( 21-20342) [misc,volp13cc] ( 313.00). Receipt number A17349002,amount $ 313.00. (U.S. Treasury) (Entered: 03/31/2021) |
| 04/01/2021 | 8 (1 pg) | Order To Debtor to Pay the Trustee directing Debtor to make monthly payments of $805.00 . Signed on 4/1/2021 (kcm) (Entered: 04/01/2021) |
| 04/01/2021 |  |  |

| | | |
|---|---|---|
| | 9<br>(1 pg) | Order to Correct Voluntary Petition in Bankruptcy. Signed on 4/1/2021 Incomplete Filings due by 4/14/2021. (kcm) (Entered: 04/01/2021) |
| 04/01/2021 | 10<br>(3 pgs; 2 docs) | Meeting of Creditors and Notice of Requirement to Complete Course in Financial Management. (RE: related document(s)2 Chapter 13 Plan filed by Debtor Albert Allan Brynds, Joint Debtor Valerie Kay Fahrnow) Proofs of Claims due by 6/9/2021. Government Proof of Claim due by 9/27/2021. (kcm) (Entered: 04/01/2021) |
| 04/01/2021 | 11 | DeBN Request Form: Initial Declination Request for the Debtor and Initial Declination Request for the Joint Debtor Filed by Debtor Albert Allan Brynds Jr., Joint Debtor Valerie Kay Fahrnow. (Blay, Ryan) (Entered: 04/01/2021) |
| 04/01/2021 | 12<br>(1 pg) | Notice of Appearance and Request for Notice Filed by Creditor PRA Receivables Management, LLC. (Smith, Valerie) (Entered: 04/01/2021) |
| 04/03/2021 | 13<br>(5 pgs) | BNC Certificate of Mailing - Meeting of Creditors. (RE: related document(s)10 Meeting of Creditors Chapter 13) Notice Date 04/03/2021. (Admin.) (Entered: 04/03/2021) |
| 04/03/2021 | 14<br>(2 pgs) | BNC Certificate of Mailing. (RE: related document(s)10 Meeting of Creditors Chapter 13) Notice Date 04/03/2021. (Admin.) (Entered: 04/03/2021) |
| 04/03/2021 | 15<br>(2 pgs) | BNC Certificate of Mailing. (RE: related document(s)9 Order to Correct Voluntary Petition) Notice Date 04/03/2021. (Admin.) (Entered: 04/03/2021) |
| 04/03/2021 | 16<br>(2 pgs) | BNC Certificate of Mailing. (RE: related document(s)8 Order To Pay Wages) Notice Date 04/03/2021. (Admin.) (Entered: 04/03/2021) |
| 04/03/2021 | 17<br>(7 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)2 Chapter 13 Plan filed by Debtor Albert Allan Brynds, Joint Debtor Valerie Kay Fahrnow) Notice Date 04/03/2021. (Admin.) (Entered: 04/03/2021) |
| 04/21/2021 | 18<br>(79 pgs; 3 docs) | **WITHDRAWN** Motion for Relief from Stay . Fee Amount $188, Filed on behalf of Creditor HPA US1, LLC D/B/A PATHLIGHT PROPERTY MANAGEMENT (Attachments: # 1 Exhibit Lease # 2 Exhibit Ledger), with Certificate of Service.(Anderson, Julie) Modified on 5/12/2021 (kcm). (Entered: 04/21/2021) |
| 04/21/2021 | | Receipt of filing fee for Motion for Relief From Stay( 21-20342) [motion,mrlfsty] ( 188.00). Receipt number A17387418,amount $ 188.00. (U.S. Treasury) (Entered: 04/21/2021) |
| | | |

| | | |
|---|---|---|
| 04/21/2021 | 19 (2 pgs) | Notice of Objection Deadline. Proposed Hearing to be held 05/18/21 at 9:30 am. Certificate of Service on 04/21/21. Filed by Julie A Anderson on behalf of HPA US1, LLC D/B/A PATHLIGHT PROPERTY MANAGEMENT *(RE: related document(s)18 Motion for Relief from Stay . Fee Amount $188, Filed on behalf of Creditor HPA US1, LLC D/B/A PATHLIGHT PROPERTY MANAGEMENT (Attachments: # 1 Exhibit Lease # 2 Exhibit Ledger), with Certificate of Service.)* Objections due by 5/12/2021. (Anderson, Julie) (Entered: 04/21/2021) |
| 04/21/2021 | 20 (2 pgs) | Certificate of Service *(related document(s): 19 Notice of Objection Deadline filed by Creditor HPA US1, LLC D/B/A PATHLIGHT PROPERTY MANAGEMENT)* Filed by Creditor HPA US1, LLC D/B/A PATHLIGHT PROPERTY MANAGEMENT (RE: related document(s)19 Notice of Objection Deadline). (Anderson, Julie) (Entered: 04/21/2021) |
| 04/22/2021 | 21 (2 pgs) | Certificate of Service *(related document(s): 19 Notice of Objection Deadline filed by Creditor HPA US1, LLC D/B/A PATHLIGHT PROPERTY MANAGEMENT)* Filed by Creditor HPA US1, LLC D/B/A PATHLIGHT PROPERTY MANAGEMENT (RE: related document(s)19 Notice of Objection Deadline). (Anderson, Julie) (Entered: 04/22/2021) |
| 05/11/2021 | 22 (2 pgs) | Notice to Withdraw Document Filed by Julie A Anderson on behalf of HPA US1, LLC D/B/A PATHLIGHT PROPERTY MANAGEMENT *(RE: related document(s)18 Motion for Relief from Stay . Fee Amount $188, Filed on behalf of Creditor HPA US1, LLC D/B/A PATHLIGHT PROPERTY MANAGEMENT (Attachments: # 1 Exhibit Lease # 2 Exhibit Ledger), with Certificate of Service.)* (Anderson, Julie) (Entered: 05/11/2021) |
| 05/19/2021 | 23 | Meeting of Creditors Held and Concluded (Griffin, William) (Entered: 05/19/2021) |
| 05/26/2021 | 24 (8 pgs; 2 docs) | Amended Chapter 13 Plan Filed by Debtor Albert Allan Brynds Jr., Joint Debtor Valerie Kay Fahrnow (RE: related document(s)2 Chapter 13 Plan). (Attachments: # 1 Creditor Matrix)(Blay, Ryan) (Entered: 05/26/2021) |
| 05/26/2021 | 25 (4 pgs) | Notice of Objection Deadline. Proposed Hearing to be held 7/13/2021 at 9:30 am. Certificate of Service on 5/26/2021. Filed by Ryan A Blay on behalf of Albert Allan Brynds Jr., Valerie Kay Fahrnow *(RE: related document(s)24 Amended Chapter 13 Plan Filed by Debtor Albert Allan Brynds Jr., Joint Debtor Valerie Kay Fahrnow (RE: related document(s)2 Chapter 13 Plan). (Attachments: # 1 Creditor Matrix))* Objections due by 6/16/2021. (Blay, Ryan) (Entered: 05/26/2021) |
| 05/28/2021 | 26 (2 pgs) | |

| | | |
|---|---|---|
| | | Order To Debtor to Pay the Trustee directing Debtor to make monthly payments of $870.00 . Signed on 5/28/2021 (kcm) (Entered: 05/28/2021) |
| 05/30/2021 | 27 (4 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)26 Order To Pay Wages) Notice Date 05/30/2021. (Admin.) (Entered: 05/30/2021) |
| 06/07/2021 | 28 | **ORDER CONTINUING HEARING.**<br><br>Reason for continuance: By Agreement of the Parties. So ORDERED by s/ *Robert D. Berger*. (related documents *2 Chapter 13 Plan*, *24 Amended Chapter 13 Plan*) Confirmation hearing to be held on 7/13/2021 at 09:30 AM at Kansas City Courtroom 151.(ksf)<br><br>THE MOVING PARTY IS TO SERVE THIS ORDER ON PARTIES NOT RECEIVING ELECTRONIC NOTICE AND FILE A CERTIFICATE OF SERVICE WITH THE COURT. (When filing a certificate of service for this order, relate it back to the epo category.)<br><br>*This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached.*<br><br>(Entered: 06/07/2021) |
| 07/06/2021 | 29 (1 pg) | Rule 5009 Notice Regarding Personal Financial Management. (kcm) (Entered: 07/06/2021) |
| 07/08/2021 | 30 (3 pgs) | BNC Certificate of Mailing. (RE: related document(s)29 Rule 5009 Notice Regarding Personal Financial Management.) Notice Date 07/08/2021. (Admin.) (Entered: 07/08/2021) |
| 07/13/2021 | 31 | **ORDER CONTINUING HEARING.**<br><br>Reason for continuance: tracking. So ORDERED by s/ *Robert D. Berger*. (related documents *24 Amended Chapter 13 Plan*) Confirmation hearing to be held on 8/17/2021 at 09:30 AM at Kansas City Courtroom 151.(kst)<br><br>THE MOVING PARTY IS TO SERVE THIS ORDER ON PARTIES NOT RECEIVING ELECTRONIC NOTICE AND FILE A CERTIFICATE OF SERVICE WITH THE COURT. (When filing a certificate of service for this order, relate it back to the epo category.)<br><br>*This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached.*<br><br>(Entered: 07/13/2021) |

| | | |
|---|---|---|
| 07/23/2021 | 32<br>(1 pg) | Financial Management Course Certificate Filed *for Valerie Fahrnow* Filed by Debtor Albert Allan Brynds Jr., Joint Debtor Valerie Kay Fahrnow. (Blay, Ryan) (Entered: 07/23/2021) |
| 07/23/2021 | 33<br>(1 pg) | Financial Management Course Certificate Filed Filed by Debtor Albert Allan Brynds Jr.. (Wagoner, Jeffrey) (Entered: 07/23/2021) |
| 08/17/2021 | 34 | Courtroom Minute Entry (RDB), Ruling: Plan auto confirmed. No hearing held. *(TEXT ENTRY ONLY. No document attached.)* (kcm) (Entered: 08/19/2021) |
| 08/19/2021 | 35<br>(4 pgs) | Order Confirming Chapter 13 Plan Signed on 8/19/2021 (kcm) (Entered: 08/19/2021) |
| 08/20/2021 | 36<br>(9 pgs; 2 docs) | Application to Employ Brett Coppage as Personal Injury Attorney Filed on behalf of Debtor Albert Allan Brynds Jr., Joint Debtor Valerie Kay Fahrnow (Attachments: # 1 Exhibit), with Certificate of Service.(Blay, Ryan) (Entered: 08/20/2021) |
| 08/20/2021 | 37<br>(5 pgs) | Notice of Objection Deadline. Proposed Hearing to be held 10/19/2021 at 1:30 pm. Certificate of Service on 8/20/2021. Filed by Ryan A Blay on behalf of Albert Allan Brynds Jr., Valerie Kay Fahrnow *(RE: related document(s)36 Application to Employ Brett Coppage as Personal Injury Attorney Filed on behalf of Debtor Albert Allan Brynds Jr., Joint Debtor Valerie Kay Fahrnow (Attachments: # 1 Exhibit), with Certificate of Service.)* Objections due by 9/10/2021. (Blay, Ryan) (Entered: 08/20/2021) |
| 08/21/2021 | 38<br>(8 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)35 Order Confirming Chapter 13 Plan) Notice Date 08/21/2021. (Admin.) (Entered: 08/21/2021) |
| 09/16/2021 | 39<br>(11 pgs; 2 docs) | Motion for Relief from Stay *re a 2010 Toyota Camry; VIN 4T4BF3EK2AR055967.* Fee Amount $188,, Motion for Relief from Co-Debtor Stay Filed on behalf of Creditor JPMorgan Chase Bank, N.A. (Attachments: # 1 Exhibit contract, lien verification, nada), with Certificate of Service.(Lock, Jonah) (Entered: 09/16/2021) |
| 09/16/2021 | 40<br>(2 pgs) | Notice of Objection Deadline. Proposed Hearing to be held 10/19/2021 at 1:30 pm. Certificate of Service on 09/16/2021. Filed by Jonah W Lock on behalf of JPMorgan Chase Bank, N.A. *(RE: related document(s)39 Motion for Relief from Stay re a 2010 Toyota Camry; VIN 4T4BF3EK2AR055967. Fee Amount $188,, Motion for Relief from Co-Debtor Stay Filed on behalf of Creditor JPMorgan Chase Bank, N.A. (Attachments: # 1 Exhibit contract, lien verification, nada), with Certificate of Service.)* Objections due by 10/7/2021. (Lock, Jonah) (Entered: 09/16/2021) |
| | | |

| | | |
|---|---|---|
| 09/16/2021 | | Receipt of filing fee for Motion for Relief From Stay( 21-20342) [motion,mrlfsty] ( 188.00). Receipt number A17654851,amount $ 188.00. (U.S. Treasury) (Entered: 09/16/2021) |
| 10/07/2021 | 41 (2 pgs) | Response to *(related document(s): 39 Motion for Relief from Stay re a 2010 Toyota Camry; VIN 4T4BF3EK2AR055967. Fee Amount $188, filed by Creditor JPMorgan Chase Bank, N.A., Motion for Relief from Co-Debtor Stay )* Filed by Debtor Albert Allan Brynds Jr., Joint Debtor Valerie Kay Fahrnow (Blay, Ryan) (Entered: 10/07/2021) |
| 10/07/2021 | 42 (1 pg) | Motion for Dismissal for Failure to Make Plan Payments . Filed on behalf of Trustee William H Griffin, with Certificate of Service.(Griffin, William) (Entered: 10/07/2021) |
| 10/07/2021 | 43 (1 pg) | Notice of Objection Deadline. Proposed Hearing to be held 11/16/2021 at 1:30 PM. Certificate of Service on 10/07/2021. Filed by William H Griffin on behalf of William H Griffin *(RE: related document(s)42 Motion for Dismissal for Failure to Make Plan Payments . Filed on behalf of Trustee William H Griffin, with Certificate of Service.)* Objections due by 10/28/2021. (Griffin, William) (Entered: 10/07/2021) |
| 10/08/2021 | | Hearing Set (RE: related document(s)39 Motion for Relief From Stay filed by Creditor JPMorgan Chase Bank, N.A., 41 Response filed by Debtor Albert Allan Brynds, Joint Debtor Valerie Kay Fahrnow) Hearing to be held on 10/19/2021 at 01:30 PM Kansas City Courtroom 151 for 39 and for 41, (kjc) (Entered: 10/08/2021) |
| 10/18/2021 | 44 (1 pg) | Order Setting Deadline for Submission of Order. *(RE: related document(s)36 Application to Employ Brett Coppage as Personal Injury Attorney Filed on behalf of Debtor Albert Allan Brynds Jr., Joint Debtor Valerie Kay Fahrnow (Attachments: # 1 Exhibit), with Certificate of Service. filed by Debtor Albert Allan Brynds, Joint Debtor Valerie Kay Fahrnow).* Signed on 10/18/2021 Order due by 11/1/2021. (kcm) (Entered: 10/18/2021) |
| 10/19/2021 | 45 (3 pgs) | Agreed Order Granting Motion For Relief From Stay (Related Doc # 39), Granting Motion For Relief From Co-Debtor Stay (Related Doc # 39) Signed on 10/19/2021. (kcm) (Entered: 10/20/2021) |
| 10/19/2021 | 47 (1 pg) | Courtroom Minute Sheet (RDB), Ruling:Agreed conditional order uploaded. Resolved. (RE: related document(s)39 Motion for Relief From Stay filed by Creditor JPMorgan Chase Bank, N.A., Motion for Relief from Co-Debtor Stay) (kcm) (Entered: 10/21/2021) |
| 10/20/2021 | 46 (3 pgs) | BNC Certificate of Mailing. (RE: related document(s)44 Order Setting Deadline for Submission of Order) Notice Date 10/20/2021. (Admin.) (Entered: 10/20/2021) |

| | | |
|---|---|---|
| 10/21/2021 | 48<br>(1 pg) | Order Granting Application to Employ Special Counsel Brett Coppage (Related Doc # 36) Signed on 10/21/2021. (kcm) (Entered: 10/22/2021) |
| 10/22/2021 | 49<br>(5 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)45 Order on Motion For Relief From Stay) Notice Date 10/22/2021. (Admin.) (Entered: 10/22/2021) |
| 10/24/2021 | 50<br>(3 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)48 Order on Application to Employ) Notice Date 10/24/2021. (Admin.) (Entered: 10/24/2021) |
| 10/28/2021 | 51<br>(1 pg) | Response to *(related document(s): 42 Motion for Dismissal for Failure to Make Plan Payments . filed by Trustee William H Griffin)* Filed by Debtor Albert Allan Brynds Jr., Joint Debtor Valerie Kay Fahrnow (Blay, Ryan) (Entered: 10/28/2021) |
| 10/29/2021 | | Hearing Set (RE: related document(s)42 Motion to Dismiss Case filed by Trustee William H Griffin, 51 Response filed by Debtor Albert Allan Brynds, Joint Debtor Valerie Kay Fahrnow) Hearing to be held on 11/16/2021 at 01:30 PM Kansas City Courtroom 151 for 42 and for 51, (kcm) (Entered: 10/29/2021) |
| 11/16/2021 | 53 | **ORDER CONTINUING HEARING.**<br><br>Reason for continuance: Tracking. So ORDERED by s/ *Robert D. Berger*. (related documents *42 Motion to Dismiss Case, 51 Response*) Hearing to be held on 12/14/2021 at 01:30 PM Kansas City Courtroom 151 for 42 and for 51, (kjc)<br><br>THE MOVING PARTY IS TO SERVE THIS ORDER ON PARTIES NOT RECEIVING ELECTRONIC NOTICE AND FILE A CERTIFICATE OF SERVICE WITH THE COURT. (When filing a certificate of service for this order, relate it back to the epo category.)<br><br>*This Notice of Electronic Filing is the Official ORDER for this entry. No document is attached.*<br><br>(Entered: 11/19/2021) |
| 11/17/2021 | 52<br>(5 pgs) | Notice to Allow Claims , with Certificate of Service. Filed by William H Griffin. (Griffin, William) (Entered: 11/17/2021) |
| 12/14/2021 | 54<br>(1 pg) | Courtroom Minute Sheet (RDB), Ruling:Motion granted. Order by Trustee. (RE: related document(s)42 Motion to Dismiss Case filed by Trustee William H Griffin) (kcm) (Entered: 12/16/2021) |
| 12/17/2021 | | |

|  |  |  |
|---|---|---|
|  | 55<br>(2 pgs) | Order Granting Motion to Dismiss Case (Related Doc # 42) Signed on 12/17/2021. (kcm) (Entered: 12/17/2021) |
| 12/19/2021 | 56<br>(6 pgs) | BNC Certificate of Mailing - PDF Document. (RE: related document(s)55 Order on Motion to Dismiss Case) Notice Date 12/19/2021. (Admin.) (Entered: 12/19/2021) |
| 01/26/2022 | 57<br>(7 pgs; 2 docs) | Chapter 13 Trustee's Final Report (Dismissed Case). Notice of Objection Deadline: Proposed Hrg Date: 3/15/2022, Proposed Hrg Time: 1:30 PM, Cert. of Service Date: 01/26/2022. Filed by William H Griffin. Objections due by 02/25/2022. (Attachments: # 1 Notice with Opportunity)(Griffin, William) (Entered: 01/26/2022) |
| 03/01/2022 | 58<br>(1 pg) | Final Decree Signed on 3/1/2022 (kcm) (Entered: 03/01/2022) |
| 03/01/2022 |  | Bankruptcy Case Closed (kcm) (Entered: 03/01/2022) |
| 03/03/2022 | 59<br>(3 pgs) | BNC Certificate of Mailing. (RE: related document(s)58 Final Decree) Notice Date 03/03/2022. (Admin.) (Entered: 03/03/2022) |

Social Security

---

## Program Operations Manual System (POMS)

---

**TN 23 (02-08)**

GN 02215.226 Waiver Request Pending - Bankruptcy

## A.  Policy

If waiver of recovery has been requested but a decision has not yet been made and it is subsequently discovered the debtor has filed for bankruptcy, further action will depend on whether or not waiver can be approved.

## B.  Procedure

### 1.  FO Receives Bankruptcy Petition

Regardless of the type of bankruptcy petition, if the FO receives the petition, proceed as follows:

#### a.  FO Can Approve Waiver

- Process waiver request;

- Call the PC in accordance with GN 02215.190 and advise of the waiver determination, and

- Forward all material (including the claims folder if in FO) to PC.

- Fax all material to NDRed. Return the folder to PC if in the FO.

**CAUTION:** If it appears waiver approval may be possible but the claims folder is needed, **do not request folder. Delay processing of waiver request in accordance with** GN 02215.226B. below.

#### b.  FO Cannot Approve Waiver

Delay processing waiver request and proceed as follows:

**Exhibit 3**

- Process bankruptcy petition in accordance with **GN 02215.190,** and

- Forward all material (including the claims folder if in FO, and the waiver request) to PC for action on the bankruptcy petition, and

- Alert PC to the unprocessed waiver request.

- Fax a copy of the material to NDRed or eDIB as appropriate.

## 2.  PC Receives Bankruptcy Petition

If the PC receives the bankruptcy petition, call the FO and find out if the FO can approve waiver. If so, ask them to process in accordance with GN 02215.226B.1.a.

If FO cannot approve waiver, request all material be returned to PC (see GN 02215.226B.1.b.).

Process the bankruptcy petition in accordance with **GN 02215.195.**

**REMINDER:** If the RCC obtains an exception to bankruptcy discharge (**GN 02215.196**), review the files for an unprocessed waiver request and process in accordance with regular waiver procedures.

---