**IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

In re:

Albert A. Brynds, Jr.,
Valerie K. Fahrnow,

    Debtors.

2405 Stowe Dr.
Lawrence, KS 66049
SSN: xxx-xx-0322
SSN: xxx-xx-9413

Case No.: 22-40190-can13

Chapter 13

### DEBTORS' AMENDED MOTION TO APPROVE SETTLEMENT AND DISBURSEMENT OF WORKERS COMPENSATION FUNDS

COME NOW Debtors, by and through their undersigned counsel, and apply to the Court for an Order approving the settlement and disbursement of $30,852.00 of the workers compensation settlement proceeds received by Debtors' workers compensation attorney to Debtors, as stated below:

1. Debtors filed for Chapter 13 Bankruptcy on March 23, 2022. See Doc. 1. Their plan ("Plan") was confirmed on May 6, 2022.  See Doc. 35.  Debtors' Plan is a base plan of 55 months of payments.

2. Debtors Valerie K. Fahrnow and Albert A. Brynds, Jr. have employed Attorney Brett Coppage of Edelman & Thompson to represent their interests in a workers compensation claim stemming from a November 8, 2019 injury to Debtor Valerie K. Fahrnow.  Mr. Coppage's employment was approved by this Court.  See Doc. 30.

3. Debtors Valerie K. Fahrnow and Albert A. Brynds, Jr. were a married couple.

4. On October 25, 2022, Debtors filed a Second Amended Schedule B, disclosing a Workers Compensation claim for injury suffered by Joint Debtor (Injury No. 19-03252 – Missouri

1

Department of Labor, Division of Worker's Compensation) (the "Worker's Compensation Claim") and claimed the same as exempt under 11 U.S.C. 522(d)(10)(c) and 11 U.S.C. Section 522(d)(11)(e). [1]

5.   On February 9, 2023, Debtor Valerie K. Fahrnow passed away.  Debtor Valerie K. Fahrnow's interest in the Worker's Compensation claim passed to Debtor Albert A. Brynds, Jr.

6.   On April 4, 2023, a settlement was reached between Debtor Valerie K Fahrnow's employer and Debtor Albert A. Brynds, Jr.  Exhibit A.

7.   On April 21, 2023, undersigned counsel submitted a Motion to Approve Settlement and Disbursement of Workers Compensation Funds (Doc. 129).

8.   On April 21, 2023, undersigned counsel also submitted a Motion to Expedite Hearing or for Immediate Order (Doc. 130) regarding the Motion to Approve Settlement and Disbursement of Workers Compensation Funds (Doc. 129).

9.   On April 24, 2023, the Office of the Trustee informed this Court it had no objection to Debtors' Motion to Approve Settlement and Disbursement of Workers Compensation Funds (Doc. 129) or Debtors' Motion to Expedite Hearing or for Immediate Order (Doc. 130) (Doc. 134).

10. On April 24, 2023, this Court approved Debtors' Motion for Order to Approve Settlement and Disbursement of Workers Compensation Funds (Doc. 135).

11. The funds were thereafter disbursed as requested by Debtors and pursuant to the order of this Court.

12. On or about May 23, 2023, undersigned counsel found that notice of the Motion to Approve Settlement and Disbursement of Workers Compensation Funds was legally insufficient. Undersigned counsel immediately notified the Court and requested guidance.

---

[1] On November 11, 2022, the Trustee's Office filed an Objection to Exemptions because the exact terms and amount of the settlement were unknown.  After conversation with the Trustee's office, Debtors did not file a response.

13. On May 24, 2023, this Court entered an order staying execution of Debtors' Motion to Approve Settlement and Disbursement of Workers Compensation Funds (Doc. 158).

14. On June 12, 2023, a status hearing was held.  The Court rescinded its April 24, 2023 Order of Approval and denied Debtors' Motion for Order to Approve Settlement and Disbursement of Workers Compensation Funds without prejudice.

15. Pursuant to the agreement, Debtor Albert A. Brynds, Jr. has received $30,852.00 (the "Disability Payment") based upon Debtor Valerie K. Fahrnow's "disputed permanent total disability."  Exhibit A.

16. Debtor Albert A. Brynds, Jr. asserts the Disability Payment is exempt pursuant to 11 U.S.C. Section 522(d)(11)(e) which provides exemption for:[2]

> (11) The debtor's right to receive, or property that is traceable to –
> . . .
> (E) a payment in compensation of loss of future earnings of the debtor or an individual of whom the debtor is or was a dependent, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor.

17. Pursuant to 11 U.S.C. Section 522(a)(1), "'dependent' includes spouse, whether or not actually dependent."

18. Therefore, as a dependent of Debtor Valerie K. Fahrnow, Debtor Albert A. Brynds is entitled to exempt this settlement to the extent reasonably necessary for his support.

19. According to Mr. Coppage's Legal Services Agreement, he is entitled to $14,123.56 which represents a 25% contingency plus a $6,410.56 withheld for expenses.  Acceptance of this amount is in the best interests of Debtors and the bankruptcy estate.

---

[2] In the alternative, Debtor Albert A. Brynds asserts that exemption of $25,150.00 is appropriate under 11 U.S.C. Section 522(D).

20. Debtors now seek court approval of the disbursement of the remaining settlement funds (totaling $16,728.44) as follows:

a. To the Chapter 13 Trustee:

    i. $3,000.00 representing delinquent bankruptcy plan payments for the following months:

        1. November, 2022;

        2. December, 2022;

        3. January, 2023;

        4. February, 2023;

        5. March, 2023; and

        6. April, 2023.

b. To the Sader Law Firm:

    i. $8,378.44 to apply to attorney fees and expenses owed directly to Sader Law Firm by Debtor (Docs. 115, 126).

c. To the Debtors – a total of $5,350.00 for the following necessities:

    i. $2,000.00 for a bed for the purpose of treating Debtor's sciatica;

    ii. $250.00 for moving costs accrued after the death of spouse and Debtor Valerie Kay Fahrnow;

    iii. $50.00 for cost of death certificates of spouse and Debtor Valerie Kay Fahrnow;

    iv. $1,050.00 for vehicle maintenance and inspection (exhaust, oil, and new front brake rotors);

    v. $1,000.00 for deferred clothing and miscellaneous household items; and

vi.  $1,000.00 for additional medical obligations.

21. Debtor Albert A. Brynds, Jr. has been granted additional Social Security Disability benefits that will assist Debtor with complying with his obligations under the Chapter 13 plan moving forward.  Debtors request to retain these amounts from the settlement funds to remain solvent and continue retaining legal counsel until those additional benefits are received.  By allowing Debtors access to the requested funds, Debtors expect to be able to make plan payments on a current basis.

WHEREFORE, Debtors respectfully request the Court issue an Order approving the disbursement of the settlement proceeds as indicated above, and for any other relief that the Court deems just and proper.

Respectfully,

SADER LAW FIRM LLC

/s/ *Stephen S. Krogmeier*
Stephen S. Krogmeier, #69182
2345 Grand Boulevard, Suite 2150
Kansas City, Missouri 64108
Office: 816-561-1818
Fax: 816-561-0818
skrogmeier@saderlawfirm.com

## NOTICE

Pursuant to Local Rule 9013-1.C, any Response to the foregoing must be filed within twenty-one (21) days of the date of this Notice with the Clerk of the United States Bankruptcy Court. Parties represented by an attorney shall file electronically at https://ecf.mowb.uscourts.gov. Pro se parties shall mail filings to: United States Bankruptcy Court, Western District of Missouri, 400 East 9th Street, Room 1510, Kansas City, MO 64106. Pursuant to Local Rule 9013-1.D, Responses shall address the merits of the foregoing and, if applicable, set out actions to remedy the particular problem. The Court will serve such Response electronically on the Trustee, counsel for the Debtor(s), and all other parties to the case who have registered for electronic filing. Respondent shall serve all parties who are not served electronically.

If a Response is timely filed, a hearing will be held on a date and time determined by the Court. Notice of such hearing will be provided to all parties in interest. If no Response is filed within twenty-one (21) days, the Court will enter an Order.

5

For information about electronic filing go to www.mow.uscourts.gov or call the Court's HELP line at 1-800-9302.

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 12, 2023, a true and accurate copy of the foregoing was served upon the Creditor Matrix and others receiving electronic service via the U.S. Bankruptcy Court's ECF System, and additional notice upon Creditor Legacy Funding, LLC by first class mail to:

Kelly Burrows, Case Manager
Legacy Funding, LLC
4717 Grand Avenue #200
Kansas City, Missouri 64112
kelly@legacysettlements.com

Legacy Settlement Group, Inc.
2807 W 73rd Terrace
Praire Village, Kansas 66208

/s/Stephen S. Krogmeier
Stephen S. Krogmeier

\\slf-dc1\slf_documents\bankruptcycurrent\client forms - active\brynds, albert and fahrnow, valerie\pleadings\2023.06.12 - amended motion to exempt and disburse workers compensation funds.docx



**DIVISION OF WORKERS' COMPENSATION**

MISSOURI DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS
3315 West Truman Blvd., P.O. Box 58
Jefferson City, MO 65102-0058

**1. INJURY NUMBER**

EXHIBIT A

## STIPULATION FOR COMPROMISE SETTLEMENT

✛

| 1 | 9 | - | 0 | 9 | 3 | 2 | 5 | 2 |

| EMPLOYEE Valerie Fahrnow | SOCIAL SECURITY NUMBER ▉ | TELEPHONE NUMBER |
|---|---|---|
| EMPLOYER Act For Health Inc. | INSURER Travelers Indemnity Company of America | |

It is hereby stipulated and agreed by and between the parties hereto:

1. That on or about __November 8, 2019__, the above-named EMPLOYEE, while in the employment of the above-named employer, sustained an accidental injury/occupational disease arising out of and in the course of the EMPLOYEE'S employment and that an accidental injury/occupational disease resulted in injury to the EMPLOYEE.

2. That both the employer and EMPLOYEE were operating under and subject to the provisions of the Missouri Workers' Compensation Law.

3. That the weekly compensation rate is $ __291.70__ for temporary benefits and $ __291.70__ for permanent partial disability.

4. That employer and insurer have paid medical expenses in the amount of........................................... $ _____ 26,120.74

5. That employer and insurer have paid temporary disability for __42__ weeks in the amount of $ _____ 12,251.40

6. That there are dispute(s) between the parties to accident; injury; medical causation; wage and compensation rate; nature and extent of disability; responsibility for medical, past, present and future; statute of limitations; notice; and disfigurement.

7. That because of the dispute(s) it is agreed by the parties to enter into a compromise lump sum

settlement under Section 287.390, RSMo, as amended for the payment of a lump sum of................$ _____ 30,852.00
This settlement is based upon approximate disability of _____ % of   disputed permanent total disability
_____ and that _____ weeks of disfigurement is included.

8. That the SECOND INJURY FUND is making a payment of............................................................$ _____

9. That the preexisting disability and percentage are _____

10. That the EMPLOYER/INSURER shall be responsible for payment or satisfaction of all bills and charges for medical treatment authorized by EMPLOYER or INSURER pertaining to this accident/disease.

ADDITIONAL COMMENTS: Please include all attached medical

THE EMPLOYEE UNDERSTANDS: by entering into this settlement, except as provided by Section 287.140.8, RSMo, the EMPLOYEE is forever closing out this claim under the Missouri Workers' Compensation Law; that EMPLOYEE will receive no further compensation or medical aid by reason of this accident/disease; that EMPLOYEE has the right to a hearing of the EMPLOYEE'S claim, which may result in EMPLOYEE receiving more money or less money than is provided by this settlement; that *EMPLOYER/INSURER and/or SECOND INJURY FUND is/are released from all liability for this accident/disease upon approval by the Administrative Law Judge.* EMPLOYEE asks the Administrative Law Judge to approve this settlement and to allow the EMPLOYEE'S attorney a fee of __25__ % of any amounts recovered by this settlement. The EMPLOYEE elects to receive payment in one lump sum. The PARTIES by their signatures below agree to the settlement, and the PARTIES request and recommend that this settlement be approved and that the settlement is in accordance with the rights of the parties. The EMPLOYER and EMPLOYEE indicate that the settlement is not the result of undue influence or fraud; the EMPLOYEE fully understands his/her rights and benefits; and the EMPLOYEE voluntarily agrees to accept the terms of the agreement.

By initialing the following box, EMPLOYEE indicates full awareness of the consequences of this settlement as set out above and that EMPLOYEE DID NOT APPEAR IN PERSON BECAUSE OF HARDSHIP OR OTHER EXTENUATING CIRCUMSTANCES. [*AB*]

By initialing the following box, EMPLOYEE indicates full awareness of the consequences of this settlement as set out above and that EMPLOYEE personally appeared.

*(Notary is required only if employee is not represented and does not appear.)*    X _____ **Employee's Signature**

Subscribed and sworn to before me this _____ day of _____. My commission expires: _____
       **NOTARY PUBLIC:** _____

| ATTORNEY FOR EMPLOYEE (Signature) | Bar Number 54821 (Print Name) | Telephone Number 816-561-3400 | Tax I.D. Number ▉ |
|---|---|---|---|
| ATTORNEY FOR EMPLOYER/INSURER (Print Name) Heather A. Howard (Signature) *Heather A. Howard* | Bar Number 52872 Telephone Number 913-685-7000 | ATTORNEY FOR SIF (Print Name) (Signature) | Bar Number Telephone Number |
| FEE/LIEN: $7,713.⁰⁰ + expense  Attorney Fee/Lien in favor of *Edelman & Thompson* | | | for $ 7,713.⁵⁰ |
| Settlement and Attorney Fees/Lien **APPROVED BY:** | ADMINISTRATIVE LAW JUDGE (Signature) *Emily Fowler* | Fowler (Print Name) | DATE 04-04-2023 |

✛   WC-G-11

WC-G-11 (04-12) AI

American LegalNet, Inc.
www.FormsWorkFlow.com